Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MOLLY DORTON

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MOLLY DORTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NAVIENT SOLUTIONS, INC. *f/k/a* )<br>SALLIE MAE, INC. )<br>)<br>Defendant. )<br>) | **Case No.:** 2:16-cv-1263<br><br>**PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, MOLLY DORTON ("Plaintiff"), through her attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as

> answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

8. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012) and 28 U.S.C. §1367 grants this court supplemental jurisdiction over the state claims contained within.

9. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

10. Plaintiff is a natural person residing in Playa Del Rey, Los Angeles County, California.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

12. Plaintiff allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(h).

13. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

14. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters are in Wilmington, Delaware.

16. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

17. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of

California and in the County of Los Angeles, and within this judicial district.

18. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

24. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

25. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

26. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

4

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

27. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

28. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

    a. "Automatic telephone dialing system" means any equipment that has the "*capacity to dial numbers without human intervention.*" *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

**FACTUAL ALLEGATIONS**

29. In or around January 2015, Defendant communicated with Plaintiff regarding Plaintiff's federal student loan account ("Account").

30. In or around January 2015, Defendant began to utilize Plaintiff's cellular telephone number, ending in 6473, to place virtually daily incessant calls to Plaintiff pertaining to the Account.

31. Defendant calls Plaintiff's cellular telephone at an annoying and harassing rate, calling Plaintiff up to several times per day.

32. Defendant calls Plaintiff from 317-550-5575, 317-550-5602, 302-261-5532, 765-637-0791, 302-261-5509, 302-261-5527, and 866-459-9819, which are seven of Defendant's telephone

5

numbers.

33. On or about May 18, 2015, Plaintiff's attorney's office mailed a cease and desist letter to Defendant at 2001 Edmund Halley Drive, Reston, VA 20191, which requested that Defendant stop all further communications with Plaintiff.

34. On or about May 22, 2015, Plaintiff spoke to Defendant on the telephone and told Defendant to stop calling her.

35. Despite Plaintiff's verbal request to stop calling, and despite receiving Plaintiff's written cease and desist letter, Defendant continued to place collection calls to Plaintiff's cellular telephone number.

36. On or about July 31, 2015, Plaintiff's attorney's office sent a second cease and desist letter to Defendant requesting the Defendant cease all further communications with Plaintiff.

37. Nonetheless, Defendant continued to place repeated collection calls to Plaintiff's cellular telephone number pertaining to the Account.

38. Since January 2015, Defendant has called Plaintiff on her cellular telephone with pre-recorded messages.

39. Since Plaintiff's verbal and written cease and desist requests in May 2015, Defendant has placed over fifty (50) calls to Plaintiff's cellular telephone number.

40. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiffs with an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

41. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

6

42. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

43. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

44. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

45. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

46. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

47. Plaintiff is not a customer of Defendant's services, and has never provided her cellular telephone number to Defendant for any purpose whatsoever.

48. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

49. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff verbally requested that Defendant stop calling and Plaintiff's attorney's office sent multiple cease and desist letters to Defendant.

50. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

51. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

52. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MOLLY DORTON, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC, for the following:

53. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

54. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

55. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

56. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

57. Plaintiff repeats and re-alleges paragraphs 1-51 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

58. Defendant violated the RFDCPA based on the following:

    a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring

8

repeatedly or continuously to annoy the person called when Defendant continued to place collection calls to Plaintiff after Plaintiff requested both orally and multiple times in writing for Defendant to stop calling her; and

b. Defendant violated §1788.11(e) of the RFDCPA by communicating by telephone with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances when Defendant continued to place collection calls to Plaintiff after Plaintiff requested both orally and multiple times in writing for Defendant to stop calling her.

WHEREFORE, Plaintiff, MOLLY DORTON, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC., for the following:

59. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

60. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

61. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 24, 2016          AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
MOLLY DORTON

9